UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

Nos. 23-1115, 23-1139

_____

UNITED STATES OF AMERICA,
Appellee/Cross-Appellant

v.

DAVID DEQUATTRO,
Defendant - Appellant/Cross-Appellee

_____

**APPELLANT DAVID DEQUATTRO'S MOTION FOR LEAVE TO FILE OVERSIZED BRIEF**

Now comes the appellant David DeQuattro and respectfully moves that this Honorable Court permit him to file an oversized opening brief that is 20,000 words or less in length.

As reason therefor, appellant states:

1.     On May 5, 2022, after an 11-day trial (including 5 days of witness testimony), he was convicted of one count of federal programs bribery. The appellate record includes more than 1,000 transcript pages and many hundreds of pages of written filings and exhibits.

1

2.    This appeal will present the Court with several complex and/or novel questions:

(a)    DeQuattro will argue that the evidence, which was entirely circumstantial, was insufficient to prove *quid pro quo* bribery beyond a reasonable doubt.    The experienced district court judge repeatedly acknowledged that this was a close, fact-bound question requiring the court to weigh the strength of various competing inferences.

(b)    In addition to challenging the conclusion that there was sufficient evidence to support his conviction, DeQuattro will argue that the district court misapprehended the applicable standard based on a perceived tension between two of this Court's Rule 29 precedents, *Stewart v. Coalter*, 48 F.3d 610 (1st Cir. 1995), and *United States v. Pothier*, 919 F.3d 143 (1st Cir. 2019).    DeQuattro will contend that there is no material distinction between the legal analysis applied in those cases and that this Court's Rule 29 jurisprudence requires acquittal.

(c)    DeQuattro will argue that the government may not rely on evidence relating solely to conduct for which DeQuattro was acquitted to support his conviction.    This is both a novel and important question, squarely implicating DeQuattro's Sixth Amendment right to a jury trial.

(d)  DeQuattro will contend, as another matter of first impression in this circuit, that the jurisdictional element of 18 U.S.C. § 666 was not satisfied where the only recipient of federal benefits in this case, the Mashpee Wampanoag Tribe, was expressly excluded from any liability under the sole contract allegedly impacted by bribery.

(e)  DeQuattro will argue that the district court erroneously excluded three proffered defense witnesses: two similarly situated business persons who gave gifts to co-defendant Cedric Cromwell materially indistinguishable from those for which DeQuattro was convicted and an expert with decades of experience working with Indian tribes who was prepared to testify about the common and permissible purposes of gift-giving in tribal culture.

(f)  DeQuattro will contend that the district court abused its discretion in precluding the jury from reaching a verdict for approximately a day and a half after the beginning of deliberations.

(g)  Finally, DeQuattro will challenge the district court's restitution order as legally erroneous in a number of respects.

3.  The foregoing issues are too legally and factually complex to be

adequately presented to the Court within the 13,000 word limit applicable to briefs. The current draft brief has been the subject of multiple revisions aimed at streamlining the brief as much as possible. The undersigned counsel believe that further shortening the brief will adversely impact counsel's ability to fully and adequately present to the Court the legal and factual analysis essential to the determination of the important issues presented in this appeal.

4.    DeQuattro accordingly requests that he be permitted to file a brief which is 20,000 words or less in length.

Respectfully submitted,
David DeQuattro
By his Attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 227-3700 (Telephone)
(617) 338-9538 (Fax)
owlmgw@att.net

**/s/ Kimberly Homan**
Kimberly Homan
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 448-2812 (Telephone)
homanlaw@aol.com

**/s/ Michael Pabian**
Michael Pabian
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 227-3700 (Telephone)
(617) 338-9538 (Fax)
pabianlaw38@gmail.com

**CERTIFICATE OF SERVICE**

I, Martin G. Weinberg, hereby certify that on this 9th day of June, 2023, I caused one copy of the within Motion to be served on all parties of record via this Court's ECF system.

**/s/ Martin G. Weinberg**
Martin G. Weinberg